W. A. JOHNS, Respondent, v. C. V. RILEY, Appellant.

St. Louis Court of Appeals, February 25, 1896.

An instruction in this cause is held erroneous because not predicated on the issues.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

*A. H. Livingston* and *H. D. Green* for appellant.

*James Orchard* and *Olden & Orr* for respondent.

BIGGS, J.—This is an action for money had and received, the amount claimed being $359.16. The alleged cause of action rests on the following facts, which the plaintiff's evidence tended to prove: Prior to January 9, 1893, James Gasaway, W. M. Riley, and the defendant, owned a flour and grist mill in equal shares. On that day the plaintiff purchased the interest of the defendant in the mill, together with his one third interest in the net earnings of the business to that date, which consisted of the wheat, corn, flour, etc., on hand, and was invoiced or valued at $1,077.50. For this property the plaintiff agreed to, and did, pay the defendant the sum of $1,666. After the sale the business was continued as before, the plaintiff taking the place of the defendant on the basis above stated. A few days after the trade was consummated, W. M. Riley, who was the bookkeeper of the concern, undertook under the direction of the defendant to divide the accrued profits between the members of the old firm,

and, in order to do so, he credited them on the books of the new firm with the estimated value of the stock in equal shares, to wit, to each one the sum of $359.16, and to compensate the new firm the stock of wheat, corn, etc., was left in the mill. There was evidence tending to prove that the defendant subsequently collected from the company the amount of the credit, except $62. Upon this proof the contention is that the defendant has received money which belonged to the plaintiff, and which in equity and good conscience he ought to refund.

On the other side the evidence tended to prove that the plaintiff purchased the interest of the defendant in the *mill property only;* that the stock on hand represented the profits of the business, which it was agreed should be retained and used by the new firm, and that the members of the old firm were to receive credit therefor on the books.

Under the instructions of the court the jury returned a verdict for the plaintiff for the full amount of the credit, and judgment was entered accordingly. On this appeal the defendant complains of the action of the court as to the instructions, also as to the admission of evidence, and that the judgment is without evidence to support it.

The two important facts, upon which the plaintiff must rest his case, are that he *actually purchased the defendant's interest in the stock,* and that the defendant subsequently got the benefit of it. 2 Greenleaf on Evidence, sections 117 and 118. Under this view of the law it is obvious that the following instruction, given at the instance of the plaintiff, is erroneous:

"The court instructs the jury that, if you find from the evidence that the plaintiff, W. A. Johns, bought the defendant's interest in the mill, and such interest included the stock on hand, *or if you find from*

*the evidence that the defendant, at the time of the trade, by his acts or conduct led plaintiff to believe that the interest he was buying included the stock on hand,* you will find for the plaintiff in such sum as you further find from the evidence the defendant took of this stock, if any."

That portion of the instruction in italics misstates the issue. As before stated, the plaintiff must have in fact bought the interest of defendant in the stock, and it would not suffice that he thought, or had good reason to think, that he had bought it. If, in fact, the defendant's purchase did not include the stock on hand, but he was induced through fraud or artifice to make the purchase under the belief that it was included, and he would not have made the purchase had he not so believed, then his recourse would be to an action for damages based on the deceit.

The court committed the same error in its modification of an instruction asked by the defendant.

The assignment is made that there is no evidence tending to show that the defendant collected the amount placed to his credit. We are precluded from passing on this assignment, because the whole testimony bearing on the question is not before us. The record shows that the books of the company were introduced in evidence, but it fails to show any of the entries. The plaintiff, however, did testify in answer to a question propounded by his counsel that the defendant had collected all of the money, except $62. The question was leading, and for that reason objectionable, but the objection made was to the competency and relevancy of the testimony sought to be elicited.

Upon the record before us the judgment is excessive to the extent of $62, but the transcript recites that the books of the firm were offered in evidence, hence we can not know what they showed on

the subject. However, as the judgment must be reversed for other reasons, the matter is of no importance.

For errors in the instructions, the judgment of the circuit court will be reversed and the cause remanded. All concur; Judge ROMBAUER in result only.